UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80861-DAMIAN/MATTHEWMAN

YAAKOV VANN,

    Plaintiff,
v.

VOLGUARDSON, R.R., *et al.*,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS [DE 4; DE 11], AND FOR *SUA SPONTE* REMAND

THIS CAUSE comes before the Court on Defendants' A.J. Wollschlager and Y.D. Vazquez and Defendant's Chris Bromel Motions to Dismiss [DE 4; DE 11] which were referred to the Undersigned United States Magistrate Judge by United States District Judge Melissa Damian [DE 17]. For the following reasons, the Court **RECOMMENDS** that the District Judge **DENY** all pending motions as moot [DE 4; DE 11] and *sua sponte* **REMAND** the case to the Fifteenth Judicial Circuit in and for Palm Beach County.

This case commenced in this Court on July 16, 2024, when Defendants Anthony Wollschlager and Yvette Vazquez-Bellow ("Removing Defendants"), both state law enforcement officers, filed a Notice of Removal from Palm Beach County Circuit Court. [DE 1]. They asserted that a federal question appears on the face of the Complaint and that Co-Defendant Chris Bromel consented to removal. *Id.* at 2. According to the Removing Defendants, Plaintiff's claims numbered 6 and 9 assert claims for "constitutional violations" and claims 2 and 7 assert claims for violations of "liberty" interests and "due process" rights. *Id.* at 4.

1

However, a review of Plaintiff's Complaint shows that it never mentions the United States Constitution or any federal statute. *See* DE 1-3. In fact, the Complaint never once recites the word "Federal" or "United States." *See id.* The only law cited in the Complaint is a Florida statute. *See id.* Moreover, the Complaint appears to allege a relatively minor incident whereby Plaintiff called 911 when he was on a bus after having had a dispute of some sort with a passenger. *See id.* Plaintiff's 911 call mentioned that Plaintiff had a weapon. *See id.* When police arrived, Plaintiff was briefly detained and then let go. *See id.* He was never arrested or physically injured. *See id.* The basis for federal jurisdiction is not apparent from the face of the Complaint. Therefore, the Court questions and has analyzed whether this case was properly removed and whether this Court has subject matter jurisdiction.

First, the Court has an independent duty to evaluate subject matter jurisdiction. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Second, "[a] case may be *sua sponte* remanded for lack of subject matter jurisdiction." *Chertok v. SRS Acquiom, Inc.*, No. 23-CV-60821, 2024 WL 379905, at *1 (S.D. Fla. Feb. 1, 2024) (Rosenberg, J.) (citing *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001)). Thus, a *sua sponte* Order is appropriate here based on the Court's independent duty to evaluate subject matter jurisdiction.

Here, the Court does not see how it has subject matter jurisdiction. The Complaint does not assert any claims under federal law or statute but only includes vague references to constitutional violations. *See* DE 1-3. The Court cannot exercise jurisdiction based on these vague references. *Fortune v. Wilmington Saving Fund FSB*, No. 18-CV-61917, 2018 WL 4258267, at *2 (S.D. Fla. Sept. 6, 2018) (Bloom, J.) ("[T]he Court cannot exercise federal question jurisdiction based solely on [p]laintiff's vague references to federal statutes or constitutional rights."); *Miccosukee Tribe of*

*Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010) ("A mere incantation that the cause of action involves a federal question is not always sufficient."). Further, other courts in this district have *sua sponte* remanded cases when subject matter jurisdiction is lacking. *See Mas Lab LLC v. iHealthcare, Inc.*, No. 20-CV-20907, 2020 WL 1024823, at *1 (S.D. Fla. Mar. 3, 2020) (Bloom, J.) (remanding the case when the court upon a *sua sponte* review of the record found it lacked federal question and diversity jurisdiction); *Chertok*, 2024 WL 379905, at *1–2. Based upon a careful review of the docket and applicable case law, remand is proper here as this Court lacks federal question jurisdiction.

For the reasons stated above, the Court **RECOMMENDS** that the District Judge **DENY** all pending motions as moot [DE 4; DE 11] and **REMAND** this case to the Fifteenth Judicial Circuit in and for Palm Beach County. Lastly, the Court **DIRECTS** the Clerk of Court to mail a copy of this Report and Recommendation to Plaintiff Yaakov Vann at 7186 San Salvador Drive, Boca Raton, Florida 33433.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Melissa Damian. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of September 2024.

_William Matthewman_
WILLIAM MATTHEWMAN
United States Magistrate Judge
