UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80861-CIV-DAMIAN/Matthewman

YAAKOV VANN,

    Plaintiff,

v.

VOLGUARDSON, R.R., *et al.*,

    Defendants.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS AND FOR *SUA SPONTE* REMAND

**THIS CAUSE** is before the Court on Defendants A.J. Wollschlager's and Y.D. Vazquez-Bello's Motion to Dismiss [ECF No. 4], filed July 22, 2024, and Defendant Chris Bromel's Motion to Dismiss Plaintiff's Complaint [ECF No. 11], filed August 1, 2024.

Pursuant to 28 U.S.C. § 636 (b)(1)(A) and (B) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the matter was referred to Magistrate Judge William Matthewman for a Report and Recommendation. [ECF No. 17]. After conducting a *sua sponte* review of subject matter jurisdiction, the Magistrate Judge issued a Report and Recommendation finding removal improper and recommending the case be *sua sponte* remanded to the Fifteenth Judicial Circuit in and for Palm Beach County. [ECF No. 26 (the "Report")]. Defendants timely filed objections to the Report. [ECF Nos. 28 and 29].

THE COURT has conducted a *de novo* review of Magistrate Judge Matthewman's Report, the objections thereto, Plaintiff's Complaint, the pertinent portions of the record, and applicable law, and is otherwise fully advised. The Court agrees with the analysis and

conclusions in the Report and finds Magistrate Judge Matthewman's recommendation to be well-reasoned and correct.

## I. BACKGROUND

On February 26, 2024, Plaintiff, Yaakov Vann ("Plaintiff"), appearing *pro se*, filed a Complaint against several state law enforcement officers in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. [ECF No. 1-3]. On July 16, 2024, Defendants filed a Notice of Removal claiming a federal question appears on the face of Plaintiff's Complaint. [ECF No. 1].

Defendants Wollschlager and Vazquez-Bello filed a Motion to Dismiss on July 22, 2024 [ECF No. 4], and Defendant Bromel filed a Motion to Dismiss on August 1, 2024 [ECF No. 11]. Plaintiff filed Responses to the Motions to Dismiss.[1] On August 13, 2024, this Court referred the case to Magistrate Judge Matthewman for rulings on all pre-trial, non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters. *See* ECF No. 17.

In the Report, Magistrate Judge Matthewman engages in a thorough analysis regarding whether the case was properly removed and whether this Court has subject matter jurisdiction. Judge Matthewman concludes that Plaintiff's Complaint does not assert any claims under federal law or statute but only includes vague references to constitutional violations and, therefore, remand is proper as this Court lacks federal question jurisdiction. *See* Report at 2.

---

[1] Plaintiff filed a Response to Defendants' Motions to Dismiss [ECF No. 14] and an additional Response to Defendants' Reply in support of the Motions to Dismiss [ECF No. 18], which is not permitted under the Local Rules.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Standard of Review of Magistrate Judge's Report and Recommendation.

When a magistrate judge's "disposition" is properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R & R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks and other citation omitted)); *see also Russell v. United States*, No. 11-20557-Civ, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket objections not specifically identifying aspects of the Magistrate Judge's report to which the petitioner objected). Since Defendants filed timely objections, this Court has reviewed the record *de novo*.

### B. Subject Matter Jurisdiction In Removal Cases.

Federal courts are courts of limited jurisdiction. "[J]urisdiction lies only when a controversy involves either a question of federal law or diversity of citizenship between the parties." *Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880, 882 (11th Cir. 2020); *see* 28 U.S.C. §§ 1331–32. An action initially filed in state court may be removed to federal district court if the district court has original jurisdiction. *See* 28 U.S.C. 1441(a). Original jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

Federal courts have original jurisdiction over claims arising under the United States Constitution or federal law, pursuant to 28 U.S.C. § 1331. *See* U.S. Const. art. III, § 2; *Exxon*

*Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Courts refer to this type of subject matter jurisdiction as federal question jurisdiction. The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"Removal statutes are strictly construed, and courts should remand to state court cases where federal subject matter jurisdiction is in doubt." *Hickerson*, 818 F. App'x at 882 (citing *Syngenta Crop Prot. Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). The burden of proving jurisdiction lies with a removing defendant. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). "If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III.  ANALYSIS

In their Objections to the Magistrate Judge's Report, Defendants argue that Plaintiff's Complaint is premised upon alleged violations of the United States Constitution. While Defendants admit the Complaint does not explicitly specify whether the "constitution" referred to throughout is the federal constitution or the Florida constitution, they point to Plaintiff's subsequent filings in which Plaintiff asserts he brings constitutional claims pursuant to 42 U.S.C. § 1983.

In order to determine whether Defendants present a viable argument, the Court must first determine whether it may consider Plaintiff's subsequent submissions in its inquiry on whether this case presented a federal question at the time of removal.

### A. *Whether Plaintiff's Post-Removal Submissions May Provide A Basis For Removal.*

Generally, "a federal question must appear on the face of a plaintiff's well-pleaded complaint for a claim to arise under federal law." *Ammedie v. Sallie Mae, Inc.*, 485 F. App'x 399, 401 (11th Cir. 2012) (citing *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011)).[2] Therefore, the propriety of removal is "to be determined according to the plaintiff[']s pleading at the time of the petition for removal," not based on some subsequent restatement of the complaint. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also JFS v. Albuquerque Public Schools*, 541 F. Supp. 3d 1279, 1283–84 (D.N.M. 2021) (declining to consider verbal confirmation from plaintiff's counsel memorialized in an email that her clients "intended" to assert Title IX claims and plaintiff's subsequent post-removal filing of an amended complaint as a "'confirmation' of the unspoken intention to plead Title IX claims from the outset of th[e] case" in determining whether the case presented a federal question at the time of removal).

Consequently, the well-pleaded complaint rule cannot be satisfied by some post-removal submission. *Cf. Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid."); *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918) (noting that whether a case is removable "is to be determined by the

---

[2] If a federal question does not appear on the face of the complaint, then the plaintiff's claim arises under federal law only if it "falls within the special category of federal question jurisdiction created by the doctrine of complete preemption." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005). This doctrine applies where Congress has "preempt[ed] an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction." *Id.* (quotation omitted).

allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant").

Based on the foregoing case law, in determining whether removal was proper, this Court will only consider documents that were filed at the time of removal, including the Notice of Removal, the Complaint, and any attachments thereto. As such, this Court will not consider Plaintiff's post-removal submissions in response to Defendants' Motions to Dismiss to find a basis for original jurisdiction in this case.

### B. The Complaint And Notice of Removal Do Not Establish Federal Question Jurisdiction.

The Court thus turns to the documents filed at the time of removal. The Notice of Removal states that federal question jurisdiction is present "because a federal question appears on the face of the Complaint." [ECF No. 1 at 1]. However, as Magistrate Judge Matthewman concluded in the Report, the face of Plaintiff's Complaint does not reveal a basis for federal question jurisdiction. The Notice of Removal further states that, despite the lack of reference to any federal law, the Complaint includes claims for "constitutional violations," including for alleged violations of Plaintiff's "liberty" interests and his "due process" rights. *Id.* at 4. In their Objections to the Magistrate Judge's Report, Defendants contend that "[i]t is clear that Plaintiff has attempted to sue the defendants for constitutional torts actionable pursuant to 42 U.S.C. § 1983." Plaintiff's attempt, however, is insufficient to establish federal question jurisdiction at the time of removal.

Nor is there any indication that an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption, applies. *Caterpillar*, 107 S. Ct. at 2430. And Defendants have not attempted to invoke subject matter jurisdiction based on diversity. To

do so, Defendants would have to show that there is complete diversity of citizenship between Defendants and Plaintiff and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Based on the record before this Court, it appears that all parties are citizens of the State of Florida.

Upon careful review of the Complaint, this Court finds that the face of Plaintiff's Complaint does not reveal any federal claims. "The inartful drafting of the . . . Complaint, while certainly frustrating, did not create a loophole for Defendants to use Plaintiff's ambiguity as a basis for establishing the federal question jurisdiction necessary for removal of this case." *JFS*, 541 F. Supp. 3d at 1287.

## IV. CONCLUSION

In sum, this Court agrees with Magistrate Judge Matthewman's well-reasoned determination that Defendants have not met their burden of establishing that federal question jurisdiction existed at the time of removal. As such, removal was improper, and, therefore, this Court lacks subject matter jurisdiction.

Accordingly, for the reasons stated in Magistrate Judge Matthewman's Report, and upon *de novo* review, it is hereby

**ORDERED AND ADJUDGED** that the Report and Recommendation [**ECF No. 26**] is **AFFIRMED AND ADOPTED**. It is further

**ORDERED AND ADJUDGED** that the instant action is **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, pursuant to 28 U.S.C. § 1447. The Clerk is directed to **CLOSE** this case, and any pending motions, including Defendants' Motions to Dismiss [**ECF Nos. 4 and 11**], are **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk of Court to mail a copy of this Order to Plaintiff, Yaakov Vann, at 7186 San Salvador Drive, Boca Raton, Florida 33433.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of December, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record

   Yaakov Vann, *Pro se*
   7186 San Salvador Drive
   Boca Raton, FL 33433